UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael John Walker,

        Petitioner,

v.

United States of America,

        Respondent.

Civil No. 07-1107 (JNE)
Crim. No. 04-130 (JNE)
ORDER

    Petitioner was indicted for unlawful possession of a firearm (Count I) and for possession of an unregistered firearm (Count II), and a jury found him guilty of both offenses. The Court granted Petitioner's motion for a judgment of acquittal with respect to Count I and denied his motion with respect to Count II. Petitioner appealed, and the United States Court of Appeals for the Eighth Circuit affirmed. *United States v. Walker*, 428 F.3d 1165 (8th Cir. 2005), *cert. denied*, 546 U.S. 1194 (2006). Within one year of the denial of his petition for a writ of certiorari, Petitioner filed a motion and an amended motion under 28 U.S.C. § 2255 (2000). *See* Rule 3(d), Rules Governing Section 2255 Proceedings. The amended motion includes the original motion's claims and two additional claims. Because the record conclusively shows that Petitioner is not entitled to relief, the Court denies the motions without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

*Claim 1–Retroactive misjoinder*

    Petitioner asserts a claim of retroactive misjoinder. Retroactive misjoinder occurs when joinder of multiple counts is initially proper, but later developments render the initial joinder improper. *United States v. Aldrich*, 169 F.3d 526, 528 (8th Cir. 1999). According to Petitioner, Count I allowed the government to introduce evidence of Petitioner's prior felony conviction. Upon dismissal of Count I pursuant to Petitioner's post-trial motion, he contends a retroactive

1

misjoinder arose because the jury should not have heard evidence of his prior felony conviction in connection with Count II.

"Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001); *see United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000) (per curiam). On direct appeal, Petitioner argued that the Court erred by admitting evidence of his prior felony conviction. With regard to Count II, the Eighth Circuit concluded that evidence of the prior felony conviction was offered for permissible uses and that evidence was admissible. *Walker*, 428 F.3d at 1169-71. Petitioner cannot relitigate here the admission of his prior felony conviction in connection with Count II. *See Wiley*, 245 F.3d at 752; *McGee*, 201 F.3d at 1023. Accordingly, there was no retroactive misjoinder, and the Court rejects Petitioner's first claim.

*Claim 2–Insufficient evidence*

Petitioner claims that the government failed to prove the existence of the destructive device alleged in Count II. "Generally, an alleged insufficiency of the evidence is not a ground for relief under § 2255." *United States v. Johnson*, 582 F.2d 1186, 1188 (8th Cir. 1978) (per curiam); *see United States v. Gaus*, 751 F.2d 1506, 1507 (8th Cir. 1985) (per curiam). Even if Petitioner's claim were properly before the Court, there was sufficient evidence of the alleged destructive device. Thus, Petitioner's second claim provides no basis for relief.

*Claim 3–Jury instruction regarding destructive device*

Petitioner asserts that the Court failed to give a jury instruction based on 26 U.S.C. § 5845(f) (2000) (defining destructive device) and that this failure relieved the government of the burden of proving the existence of a destructive device. Notwithstanding Petitioner's assertions, the Court gave an instruction based on section 5845(f), and the instruction did not relieve the

government of proving the existence of a destructive device. Petitioner has not persuaded the Court that the instruction was erroneous. Nor has Petitioner demonstrated that he experienced "actual prejudice" from the allegedly erroneous instruction. Consequently, Petitioner's third claim provides no basis for relief. *See United States v. Frady*, 456 U.S. 152, 167-70 (1982); *Williams v. United States*, 98 F.3d 1052, 1054 (8th Cir. 1996).

*Claim 4–Jury instruction regarding possession*

Petitioner contends that the Court erred in instructing the jury on possession. The Court discerns no error in the possession instruction. *See United States v. Smith*, 104 F.3d 145, 148 (8th Cir. 1997); *United States v. Ali*, 63 F.3d 710, 716 (8th Cir. 1995). Moreover, Petitioner has not shown "actual prejudice" from the alleged error. Thus, Petitioner's fourth claim provides no basis for relief. *See Frady*, 456 U.S. at 167-70; *Williams*, 98 F.3d at 1054.

*Claim 5–Ineffective assistance of counsel*

Petitioner asserts a claim of ineffective assistance of counsel. "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first component requires Petitioner to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In determining whether counsel's performance was objectively reasonable, the Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second component of Petitioner's claim requires him to show that there is a reasonable probability that, but for counsel's deficient performance, the

result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In this case, Petitioner contends that his former counsel provided ineffective assistance by failing to pursue the four claims addressed above. A claim of ineffective assistance of counsel fails when premised on counsel's failure to pursue a meritless claim. *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994). For the reasons set forth above, the four claims addressed above lack merit: evidence of his prior felony conviction was admissible as to Count II; there was sufficient evidence to support his conviction under Count II; and the jury instructions were not erroneous. The Court therefore rejects Petitioner's claim of ineffective assistance of counsel.

*Claim 6–Jurisdiction*

Petitioner claims that the Court lacked jurisdiction over the crimes charged. The Court rejects this claim. *See, e.g.*, 18 U.S.C. § 3231 (2000); *United States v. Trotter*, 478 F.3d 918, 920 n.2 (8th Cir. 2007) (per curiam).

*Claim 7–Due process violation based on use of false evidence*

Petitioner claims that the government's use of false evidence deprived him of his right to a fair trial. "[T]he government may not deliberately present false evidence at trial or allow it to go uncorrected." *United States v. Bass*, 478 F.3d 948, 950-51 (8th Cir. 2007). To establish a due process violation based on the government's use of false testimony, Petitioner must show: (1) the government used perjured testimony; (2) the government knew or should have known of the perjury; and (3) there was a reasonable likelihood that the perjured testimony could have affected the jury's verdict. *Id.* at 951. Here, Petitioner asserts that the government presented false evidence by introducing into evidence bottles whose appearance had changed since their recovery from the fire scene. At trial, a fire investigator testified that she had recovered bottles

4

from the fire scene, that the bottles were not broken when recovered, and that the bottles introduced into evidence appeared the same except that one bottle was broken. Having acknowledged the difference in the bottles' appearance, the government neither deliberately presented false evidence nor allowed false evidence to go uncorrected. Accordingly, the Court rejects Petitioner's seventh claim.

*Claim 8–Brady violation*

Petitioner claims the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose who changed the bottle's appearance, and how and why the change occurred. "To prove a *Brady* violation, a defendant must show that the prosecution suppressed the evidence, the evidence was favorable to the accused, and the evidence was material to the issue of guilt or punishment." *United States v. Duke*, 50 F.3d 571, 577 (8th Cir. 1995). Evidence is material for *Brady* purposes if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed to the defense. *Id.* Here, Petitioner has not demonstrated that the government suppressed evidence. The investigators who handled the bottles testified at trial. Moreover, Petitioner has not demonstrated a reasonable probability that the result of the proceeding would have been different had the allegedly suppressed evidence been disclosed. The Court therefore rejects Petitioner's eighth claim.

*Certificate of appealability*

An appeal cannot be taken from a final order denying a motion under section 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2000); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Petitioner has not demonstrated that reasonable jurists would find the rejection of his claims

debatable or wrong, the Court declines to grant him a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Petitioner's motion and amended motion under section 2255 [Docket No. 1 in Civil No. 07-1107; Docket Nos. 111 & 116 in Crim. No. 04-130] are DENIED.

2. Petitioner's application to proceed *in forma pauperis* [Docket No. 117 in Crim. No. 04-130] is DENIED AS MOOT.

3. Petitioner is not entitled to a certificate of appealability.

Dated: September 7, 2007

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge